UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                             Plaintiff,<br><br>v.<br><br>AIMEE CHAVIRA,<br><br>                            Defendant. | Case No.:  18-cr-4216-CAB<br><br>**ORDER GRANTING MOTION TO REDUCE SENTENCE**<br><br>**[Doc. No. 75]** |

On May 4, 2023, defendant Aimee Chavira filed a motion for sentence reduction pursuant to 18 U.S.C § 3582(c)(1)(A). [Doc. No. 75.] On May 19, 2023, Plaintiff United States of America filed a Notice of Non-Opposition to Defendant's Motion for Sentence Reduction. [Doc. No. 89.]  The matter has been fully briefed and the motion is suitable for determination on the papers.

**I.    LEGAL STANDARD**

A court may modify or reduce the defendant's term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), if the court finds that "extraordinary and compelling reasons" justify the reduction and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i).  Defendant requests early release due to abuse and retaliation she had experienced while in custody. As the movant, the defendant bears the burden to

establish that [she] is eligible for a sentence reduction. *United States v. Varnado,* 2020 WL 2512204, at *1 (S.D. Cal. May 15, 2020); *United States v. Holden*, 2020 WL 1673440, at *3 (D. Or. April 6, 2020).

## II.   CASE BACKGROUND

The Defendant was arrested on September 20, 2018 for conspiracy to distribute methamphetamine.  On November 13, 2019, she was sentenced to 120 months in the custody of the Bureau of Prisons (BOP), followed by a five-year term of supervised release, on one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  [Doc. No. 69.]  Defendant pled guilty to an offense carrying a ten-year mandatory minimum term. The defendant was determined to be a career offender.  The defendant's guideline range prior to any departures or variances was calculated at 262 to 327 months.  [Doc. Nos. 51, 59, 61.]   Based on various factors, counsel jointly recommended a variant sentence below the guidelines to the mandatory minimum of 120 months.

The Court considered all the 18 U.S.C. § 3553(a) factors, including the seriousness of the offense, the need for general deterrence and the defendant's personal characteristics and other mitigating factors and sentenced the defendant to 120 months. [Doc. No. 69.]  At this time, the defendant has served approximately half of her custodial sentence.

## III.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

Defendant has satisfied the administrative requirements under 18 U.S.C. §3582(c)(1)(A).  [Doc. No. 80-2.]

## IV.   COMPASSIONATE RELEASE CONSIDERATIONS

Pursuit to § 3582(c)(1)(A), the court may reduce a sentence for "extraordinary and compelling reasons" as long as the reduction is consistent with the factors set forth in § 3553(a).  For the reasons articulated in the defendant's motion and in consideration of the government's non-opposition to the defendant's request, the Court finds the defendant has established "extraordinary and compelling" circumstances to justify the requested sentence reduction.

Defendant has also satisfactorily shown that she is not a danger to the safety or any other person or to the community under 18 U.S.C. § 3142(g). The Court views Defendant's criminal history in totality. BOP records demonstrate that her behavior while in custody has been good and she has made positive progress towards rehabilitation. The Defendant has satisfied her burden to demonstrate that she is not a danger to the community.

Finally, Defendant has shown that the sentencing factors under 18 U.S.C. §3553(a) have largely been accomplished at this time. Defendant has already spent nearly five years in prison. The sentence currently reflects the seriousness of the offense, promotes respect for the law, provides just punishment, and affords adequate general and specific deterrence. In addition, it has protected the public, and Defendant has shown she is not a danger to the public.

## V.    CONCLUSION

For the reasons set forth in the Defendant's motion regarding the circumstances of her incarceration and in consideration of all the relevant factors discussed above, Defendant's motion to reduce her sentence to time served is **GRANTED.**

Defendant will begin her five-year term of supervised release originally imposed by the Court with all conditions set at the sentencing to remain the same. Within 72 hours of being released from custody, Defendant shall contact the U.S. Probation Office to receive further instructions pertaining to the necessary preparations for Defendant's supervised release.

**IT IS SO ORDERED.**

Dated:  May 23, 2023

_____
Hon. Cathy Ann Bencivengo
United States District Judge